WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abdelsalam Abdelsalam,<br><br>    Plaintiff,<br><br>    v.<br><br>Joseph Arpaio, et al.,<br><br>    Defendants. | CIV 05-3554 PHX ROS (VAM)<br><br>O R D E R |

On February 27, 2006, plaintiff filed a Motion for Appointment of Counsel. (Doc. 13). There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982); Randall v. Wyrick, 642 F.2d 304 (8th Cir. 1981). Moreover, the only statutory authority creating a basis for appointment is 28 U.S.C. §1915(e)(1), which confers on the court the discretion to appoint counsel to represent an indigent civil litigant. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). The Court cannot compel a lawyer to represent an indigent plaintiff. Mallard v. U.S. District Court for the Southern District of Iowa, 490 U.S. 296 (1989). An appointment of counsel may be requested under 28 U.S.C. §1915(e)(1) only in "exceptional circumstances." Aldabe, 616 at 1089; Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986).

This rule is derived from Weller v. Dickson, 314 F.2d 598, 600 (9th Cir.), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11

1  L.Ed.2d 72 (1963) which held that "the privilege of pleading in
2  forma pauperis . . . in civil actions for damages should be
3  allowed only in exceptional circumstances."  See Wilborn, 789 F.2d
4  at 1328.  Weller was extended, without apparent comment, to
5  "appointment of counsel" in United States v. Madden, 352 F.2d 792,
6  794 (9th Cir. 1965).  Madden was then cited for the rule in
7  Alexander v. Ramsey, 539 F.2d 25, 26 (9th Cir. 1976); United
8  States v. McQuade, 579 F.2d 1180, 1181 (9th Cir. 1978), on appeal
9  after remand, 647 F.2d 938, 940 (9th Cir. 1981), cert. denied, 455
10 U.S. 958, 102 S.Ct. 1470, 71 L.Ed.2d 677 (1983); Aldabe, 616 at
11 1093; and Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984).
12     A finding of exceptional circumstances requires an evaluation
13 of both "the likelihood of success on the merits [and] the ability
14 of the petitioner to articulate his claims pro se in light of the
15 complexity of the legal issues involved."  Weygandt v. Look, 718
16 F.2d 952, 954 (9th Cir. 1983), quoted in Richards v. Harper, 864
17 F.2d 85 (9th Cir. 1988).  Neither of these factors is dispositive
18 and both must be viewed together before reaching a decision on a
19 request for counsel under section 1915(d).  Wilborn, 789 F.2d at
20 1331.
21     Here, plaintiff has not demonstrated a likelihood of success
22 on the merits.  In addition, plaintiff has failed to show that any
23 difficulty he is experiencing in attempting to litigate this case
24 is derived from the complexity of the issues involved.  While most
25 actions, such as the instant case, require development of
26 supporting facts during litigation and a pro se litigant will
27 seldom be in a position to investigate easily the facts to support

2

the case, this does not equate with showing the complexity of the relevant issues.  <u>Wilborn</u>, 789 F.2d at 1331.

The Ninth Circuit has held that the constitutional right of access to the courts requires that the state provide assistance only through the pleading stage.  <u>Cornett v. Donovan</u>, 51 F.3d 894, 898 (9th Cir. 1995), <u>cert. denied</u>, 518 U.S. 1033, 116 S. Ct. 2580 (1996).  This case is beyond the pleading stage and at the present time does not present "exceptional circumstances" requiring the appointment of counsel.

**IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel is denied without prejudice.  (Doc. 13).

DATED this 8th day of March, 2006.

_____
Virginia A. Mathis
United States Magistrate Judge

3